## CASPER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. STREET RAILWAYS—COLLISION WITH PEDESTRIAN—CONTRIBUTORY NEGLI-
GENCE.

Evidence in an action for injury to a pedestrian struck by a street
car, as she stepped on the track from behind a car on the other track,
*held* insufficient to show freedom from contributory negligence.

Appeal from Trial Term, New York County.

Action by Bertha Casper against the Metropolitan Street Railway
Company. From a judgment on a verdict for plaintiff, and from an
order denying a motion for new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry Melville, for appellant.
Samuel Campbell, for respondent.

McLAUGHLIN, J. On the 24th of November, 1899, between 3
and 4 o'clock in the afternoon, the plaintiff, then 59 years of age, at-
tempted to cross defendant's tracks at the intersection of Eighth ave-
nue and 142d street, and in doing so was struck by one of its south-
bound cars and injured. She brought this action to recover damages
therefor, upon the ground that the same were caused solely by defend-
ant's negligence. She had a verdict, and from the judgment entered
thereon defendant has appealed.

The plaintiff testified, and she was the only witness in her own be-
half, as to the negligence of the defendant and her own freedom from
negligence; that when she got to the sidewalk at the east side of
Eighth avenue she looked in both directions to see if cars were ap-
proaching; that she did not see a south-bound car, but did see one
coming north, which was then in about the middle of the block be-
tween 141st and 142d streets; that she continued her course, and when
about six feet from the easterly tracks she stopped and waited for
the north-bound car to pass, and then crossed behind it onto the west
tracks, when a south-bound car which she had not seen or heard hit
her and knocked her down; that she was unhurt; that the car was
stopped and "turned back" about a foot; that she then got up and at-
tempted to continue her course, when she was struck the second time
by the same car, thrown into the fender, and carried "about two
houses"; that she did not know of the approach of the car until it hit
her; that no bell was sounded and she did not hear the motorman
call out to her; that her eyesight and hearing were not very good.

To meet the plaintiff's testimony, the defendant produced six wit-
nesses, including two policemen, a disinterested bystander, and a
passenger on the car, each of whom testified, in substance, that he
saw the accident; that the plaintiff was struck only once by the car,
and then by the east end of the fender; that she was struck just as she
was stepping upon the track; and that the motorman not only sounded
the gong of the car but also shouted to her before she was struck,
and that after she was struck and thrown into the fender the car was
stopped almost immediately—within five or ten feet.

This being the condition of the testimony at the close of the trial, we think a verdict in favor of the plaintiff is so overwhelmingly against the weight of evidence that it should not be permitted to stand. It is apparent if the plaintiff had exercised any care whatever after the north-bound car had passed, and before she attempted to step upon the south-bound tracks, she would have seen the car which struck her, and thus the accident would have been avoided, and the fact that her eyesight was not good and her hearing was impaired. is all the more reason why she should have exercised care for her own safety before attempting to cross the street. But her eyesight was not so impaired but what she could see the north-bound car half a block away, and if she could see that manifestly she could have seen the south-bound car had she looked in that direction after passing behind the north-bound car and before stepping upon defendant's track. But she does not claim to have been injured when the car first struck her. What she claims is that notwithstanding the car was running at a rapid rate of speed she was knocked down but not run over; that the car stopped and backed up "about a foot"; that she got up and attempted to pass in front of it, and then it was started, and hit her the second time, and that was when the injury was occasioned. Without commenting upon the improbability of her statement as to the way the accident occurred, it is sufficient to say she was contradicted by the six witnesses referred to, each of whom testified, as already said, that she was struck but once. That the motorman had the car under control is apparent from the fact that it was stopped almost immediately; that it ran but a very few feet thereafter.

We are of the opinion that justice requires there should be a new trial.

The judgment and order appealed from therefore should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.